JOHN W. HUBER, United States Attorney (#7226)
JACOB J. STRAIN, Assistant United States Attorney (#12680)
111 South Main Street, Ste. 1800 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682 • Facsimile: (801) 325-3387

KALINA M. TULLEY, Asst. Chief, Antitrust Division, U.S. Dept. of Justice (IL 6210304)
ROBERT M. JACOBS, Trial Attorney, Antitrust Division, U.S. Dept. of Justice (IL 6289819)
RUBEN MARTINEZ, JR., Trial Attorney, Antitrust Division, U.S. Dept. of Justice (TX 24052278)
MOLLY A. KELLEY, Trial Attorney, Antitrust Division, U.S. Dept. of Justice (IL 6303678)

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>     Plaintiff, <br><br> vs. <br><br> KEMP & ASSOCIATES, INC. AND DANIEL J. MANNIX, <br><br>     Defendants. | Case No. 2:16-cr-00403-DS <br><br> **UNITED STATES' MOTION TO RECONSIDER ORDER REGARDING APPLICATION OF RULE OF REASON AND REQUEST FOR ORAL ARGUMENT** <br><br> U.S. District Court Judge David Sam <br> Magistrate Judge Brooke C. Wells |

As this Court is aware, the Tenth Circuit recently remanded this case for further proceedings. In its opinion, the Tenth Circuit stated that "[p]erhaps on remand the district court will reconsider its rule of reason order. After all, the parties' dispute before this court has allowed this issue to be more fully explored and assessed." *United States v. Kemp*, 907 F.3d 1264, 1278 (10th Cir. 2018). The Tenth Circuit also provided specific suggestions for this Court to consider on remand. *See id.* at 1278.

In light of this new guidance from the Tenth Circuit, the United States now respectfully asks this Court to set argument on whether to reconsider its order, (Dkt. 96), holding that the rule of reason, and not the *per se* rule, applies to the charged customer allocation conspiracy. Now that the issue has been "more fully explored and assessed [at the appellate level]," *Kemp*, 907 F.3d at 1278, this Court should have the benefit of additional briefing and argument regarding this important issue central to this case.[1] As the Tenth Circuit and this Court have noted, this Court has the discretion to reconsider this ruling and may reassess the arguments Defendants made in support of the ruling and the reasons offered in their proposed order. *Kemp*, 907 F.3d at 1278 n.7 (noting that Fed. R. Civ. P. 54(b) and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) permit this Court to revisit its earlier opinion); *United States v. Maxfield*, No. 1:04CR00149 DS, 2007 WL 121128, at *1, *3 (D. Utah Jan. 11, 2007) (noting that the "decision whether to grant or deny a motion to reconsider is committed to the court's sound discretion" before granting such a motion).

After considering this motion, the subsequent responsive pleadings, and oral argument on the merits of this question, the Court should conclude that the *per se* rule applies to the charged customer allocation conspiracy and, if the United States offers sufficient evidence of that conspiracy to reach the jury, it should instruct the jury consistently with that rule.

**I.       The *Per Se* Rule Applies to the Charged Defendants' Conspiracy to Allocate Customers.**

Notwithstanding the general rule that restraints on trade are generally assessed for reasonability based on the rule of reason, "there are 'certain agreements or practices which

---

[1] For the Court's convenience, the United States also submits the Tenth Circuit's opinion and the parties' appellate briefing as Attachments 1-4.

because of their pernicious effects on competition and lack of any redeeming virtue are conclusively presumed to be unreasonable and therefore illegal without elaborate inquiry as to the precise harm they have caused or the business excuse for their use.'" *Kemp*, 907 F.3d at 1272 (quoting *Northern Pac. Ry. Co., v. United States*, 365 U.S. 1, 5 (1958)). This approach is known as the *per se* approach. *Kemp*, 907 F.3d at 1272.

This Court's rule of reason order concluded that the *per se* approach did not apply to this case because the alleged customer allocation agreement between horizontal competitors was: (1) structured in an unusual way; (2) affected a small number of estates; (3) occurred in a relatively obscure industry with an unusual manner of operation; and (4) may contain efficiency-enhancing potential and did not necessarily restrict competition or decrease output. *Id.* at 1273. The panel found each of these arguments to be unpersuasive. It also identified precedents for this Court to consider on remand, *Id.* at 1278, each of which—as explored below—support a ruling from this Court that the *per se* rule should govern this case.

A. **The *Per Se* Rule Applies to the Practice Alleged in the Indictment: a Naked Customer Allocation Agreement**

The determination of whether the *per se* rule applies hinges on the practice involved. *Id.* at 1273. Here, the Defendants are alleged to have engaged in the practice of agreeing with their competitor to allocate customers for heir location services. It is "undisputed" that an agreement to allocate or divide customers between competitors within the same horizontal market constitutes a *per se* violation of § 1 of the Sherman Act. *Id.* (citing *Suntar Roofing, Inc.*, 897 F.2d 469, 473 (10th Cir. 1990) (customer allocation) and *United States v. Topco*, 405 U.S. 596, 608 (1972) (territorial allocation)). The Indictment in this case describes the Defendants' conduct as doing exactly what *Suntar Roofing* had declared to be *per se* illegal. *Kemp*, 907 F.3d at 1273. Accordingly, the Defendants cannot distinguish the customer allocation charged in this

3

case.  *See, e.g., id.* at 1277 ("there is no rule that allocation agreements are only subject to the *per se* rule if customers are divided geographically.")

### B. The *Per Se* Rule Applies to the Alleged Practice Even if it Affected only New Customers

The alleged customer allocation agreement also cannot escape *per se* review on the ground that it applied only to new customers.  Indeed, "it is immaterial [to the applicability of the *per se* rule] whether a customer allocation agreement applies to new or existing customers." *Id.* (citing *Palmer v. RBG of Georgia*, 498 U.S. 46 (1990)).  Rather, the *per se* rule applies to naked customer allocation agreements between horizontal competitors.  *See Topco*, 405 U.S. at 608.  Accordingly, this Court should reconsider the application of *Palmer* and *Topco* to the allegations alleged in the Indictment.  *Id.* at 1278.

### C. The *Per Se* Rule Applies to the Alleged Practice Even if it Affected a Limited Number of Customers

Even if an otherwise *per se* unlawful agreement affects only a limited number of customers, that does not justify the application of the rule of reason standard.  In *United States v. Reicher,* 983 F.2d 168, 170 (10th Cir. 1992), the Tenth Circuit held "that a conspiracy to rig a single bid, and therefore affect only a single customer, is subject to per se analysis."  *Kemp*, 907 F.3d at 1277.  Consistent with this reasoning, "[it does not matter] that the alleged agreement would only affect a small number of potential customers," *Id.*

### D. The *Per Se* Rule Applies to the Alleged Practice Even if it Occurs in the Heir Location Services Industry

The obscurity of the heir location services industry and the judiciary's lack of prior antitrust enforcement experience in the industry also do not justify setting aside the *per se* rule.  The judiciary is sufficiently experienced with customer allocation practices to have categorized

the customer allocation practice alleged here as undisputedly *per se* illegal. *See supra*, Section I.A; *see also Kemp*, 907 F.3d at 1273 (quoting *Arizona v. Maricopa Cty. Med. Soc'y*, 457 U.S. 332, 351, for the proposition that "the argument that the per se rule must be rejustified for every industry that has not been subject to significant antitrust litigation ignores the rationale for per se rules"); *Suntar Roofing,* 897 F.2d at 473. Thus, "any lack of judicial familiarity with the Heir Location Services industry is largely irrelevant." *Kemp*, 907 F.3d at 1277 (citing *Maricopa*, 457 U.S. at 346). *Maricopa*'s guidance that "the focus [be] on the particular practice involved— here, customer allocation agreements—[and] not on the industry in which the allegedly unlawful practice was used," *Kemp*, 907 F.3d at 1278 (citing *Maricopa*, 457 U.S. at 346), is particularly instructive in this regard.

### E. The *Per Se* Rule Applies to the Alleged Practice Notwithstanding Any Efficiency-Enhancing Potential

Claims of efficiency-enhancing potential resulting from an otherwise naked allocation agreement do not justify a departure from the *per se* rule:

> [The] Supreme Court jurisprudence is clear: where the per se rule applies, it is of no consequence that an agreement could potentially bring net economic benefits to some part of the market—here to the alleged conspirators. The per se rule recognizes that "[f]or the sake of business certainty and litigation efficiency, we have tolerated the invalidation of some agreements that a fullblown inquiry might have proved to be reasonable."

*Kemp*, 907 F.3d at 1277 (quoting *Maricopa*, 457 U.S. at 344). Accordingly, in light of *Maricopa*'s guidance, any efficiency-enhancing potential resulting from the alleged customer allocation agreement is irrelevant to the application of the *per se* rule to that prohibited practice.

### F. The Defendants Will Not Be Unfairly Harmed by Proceeding Under the *Per Se* Rule

Finally, a ruling by this Court that the *per se* rule applies to this case does not preclude the Defendants from mounting a defense. As in any criminal trial, even under the *per se* rule,

5

the United States still must prove all of the elements of the charged offense beyond a reasonable doubt.   In this case, that includes proof that the Defendants knowingly entered into the naked customer allocation agreement alleged in the Indictment.   Of course Defendants would still be free to argue and elicit evidence indicating that the United States failed to meet its burden on any of the elements, including argument and evidence that there was no illegal agreement and that the agreement was something other than a naked customer allocation agreement.   A *per se* ruling by this Court will not foreclose the Defendants that opportunity.

## II. Conclusion

The discussion in the Tenth Circuit's *Kemp* opinion and the various case precedents the *Kemp* panel suggested that this Court consider on remand collectively demonstrate that the *per se* rule, and not the rule of reason, is the appropriate standard to use when considering the culpability of the Defendants.

For the reasons stated above, the United States respectfully requests that the Court reconsider its rule of reason order, rule instead that the *per se* rule applies to the conspiracy charged, and if the United States offers sufficient evidence of that conspiracy to reach the jury, instruct the jury consistent with that rule.

DATED this 14th day of December 2018.

                                      Respectfully submitted,

                                      /s/ Kalina M. Tulley
                                      KALINA M. TULLEY, IL Bar No. 6210304
                                      Assistant Chief

                                      ROBERT M. JACOBS, IL Bar No. 6289819
                                      RUBEN MARTINEZ, JR., TX Bar No. 24052278
                                      MOLLY A. KELLEY, IL Bar No. 6303678
                                      Trial Attorneys
                                      Antitrust Division
                                      U.S. Department of Justice
                                      Chicago Office
                                      209 S. LaSalle Street
                                      Suite 600
                                      Chicago, Illinois 60604
                                      (312) 984-7200

## CERTIFICATE OF SERVICE

I, Ruben Martinez, Jr., hereby certify that on December 14, 2018, I caused a copy of the foregoing to be served in accordance with Fed. R. Crim. P. 49, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                      Respectfully submitted,

                                      /s/ Ruben Martinez, Jr.

                                      Antitrust Division
                                      U.S. Department of Justice
                                      Chicago Office
                                      209 S. LaSalle Street
                                      Suite 600
                                      Chicago, Illinois 60604
                                      (312) 984-7200