MARK R. GAYLORD (#5073)
JASON D. BOREN (#7816)
Ballard Spahr LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, UT 84111
Telephone:     (801) 531-3000

JAMES A. MITCHELL (admitted *pro hac vice*)
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019
Telephone:     (212) 223-0200

MICHAEL J. GRUDBERG (admitted *pro hac vice*)
Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
Telephone:     (212) 216-8000
*Attorneys for Defendant Kemp & Associates, Inc.*

RICHARD F. ALBERT (admitted *pro hac vice*)
DEVIN M. CAIN (admitted *pro hac vice*)
Morvillo Abramowitz Grand Iason & Anello, P.C.
565 Fifth Avenue
New York, NY 10017
Telephone:     (212) 856-9600
*Attorneys for Defendant Daniel J. Mannix*

_____

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEMP & ASSOCIATES, INC. AND DANIEL J. MANNIX<br><br>Defendants. | DEFENDANTS' OPPOSITION TO GOVERNMENT'S SECOND RECONSIDERATION MOTION<br><br>Case No. 2:16-cr-403-DS<br><br>U.S. District Judge David Sam<br>Magistrate Judge Brooke C. Wells |

For now the second time, the government has moved the Court to reconsider its decision applying the rule of reason to the facts of this case. That decision was made following the June 21, 2017 oral argument before the Court, Dkt. 88, which was preceded by a full and detailed set of briefs on the question, *see* Dkts. 66, 70, 75, and followed by the government's first motion for reconsideration, which entailed a second full set of briefs, *see* Dkts. 90, 91, 94, 95. The government then appealed the issue, occasioning a third full set of briefs, only to hear from the Tenth Circuit what was always apparent: the rule of reason decision is not appealable. *See United States v. Kemp & Associates, Inc.*, 907 F.3d 1264, 1272-76 (10th Cir. 2018). The government's request for mandamus was likewise ill-fated. *See id.* at 1276-78. Undeterred, the government now seeks a fourth bite at the apple in its continuing effort to try this unusual case only the way it wishes, with the jury seeing and hearing only the evidence it wishes, rather than as this Court has determined it should be tried.

This Court properly ruled in June 2017 that the *per se* trial sought by the government would not be a fair and just way to proceed. Reversing that ruling a year and a half later, now that the government has briefed the issue for the fourth time, would be even more unjust. The Court should not permit it.

*First*, allowing further reconsideration would frustrate the very principles that scuttled the government's attempted appeal. "In criminal cases, the government is denied the right of appeal absent express statutory authority to do so," *id.* at 1273-74, which it quite obviously lacked with respect to the Court's rule of reason decision, *see id.* at 1274-76. A primary reason that government criminal appeals "have been carefully circumscribed by Congress [is] to safeguard individuals from the special hazards inherent in prolonged litigation with the sovereign." *United States v. McVeigh*, 106 F.3d 325, 330 (10th Cir. 1997) (quotations omitted). Eighteen months

removed from the Court's decision, the government's efforts to resuscitate this case epitomize that concern. Indeed, as the Court is aware, the agreement claimed to violate the law in this case was affirmatively terminated by Mr. Mannix more than ten years ago, which itself presents substantial staleness problems.

We have never understood why the government chose to pursue this matter as a criminal case. Nevertheless, Mr. Mannix and Kemp & Associates have spent nearly the last five years dealing with the stress, expense, and disruption to their lives and business of a federal criminal investigation, including the last two years under the shadow of a federal indictment and then a government criminal appeal of an unappealable issue. The damage to Mr. Mannix and to Kemp from this prolonged proceeding has been incalculable. To extend that state of affairs via a second request for reconsideration—a procedural step that is especially disfavored, *see Gunn v. Carter*, 2016 WL 8416758, at *2 (D. Colo. Oct. 24, 2016)—would be deeply prejudicial and unfairly reward the government for taking an appeal it plainly was not authorized to take.

*Second*, the circumstances underlying the government's request do not justify the result it seeks. "[T]he benefit of additional briefing and argument" that the government cites, Mot. 2, is illusory. Every case that the Tenth Circuit cited is found in the extensive briefing and argument underlying the Court's initial decision. *Cf.* Dkt. 97 at 2. And because the Tenth Circuit, lacking jurisdiction and rejecting mandamus, was not called on to fully analyze the question, its brief discussion does not address many equally persuasive cases supporting the opposite positions. To that end:

- No one disputes that a "naked" customer allocation agreement is a *per se* violation. But cases like *Broadcast Music, Inc. v. Columbia Broadcasting Systems, Inc.*, 441 U.S. 1 (1979), and *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357 (10th Cir. 1989), demonstrate that deciding what fits that category is complicated and not

resolved by easy labels. Meanwhile, cases like *Palmer v. RBG of Georgia*, 498 U.S. 46 (1990), and *United States v. Suntar Roofing*, 897 F.2d 469 (10th Cir. 1990), are too dissimilar factually to provide the certainty needed to apply the *per se* rule, *see In re Sulfuric Acid Antitrust Litig.*, 703 F.3d 1004, 1011-12 (7th Cir. 2012).

- In offering *United States v. Reicher*, 983 F.2d 168 (10th Cir. 1992) as implicit support for the view that the scope of a restraint is immaterial, the Tenth Circuit did not address the Supreme Court's decision in *NCAA v. Board of Regents*, 468 U.S. 85, 103 (1984), applying the rule of reason to a restraint based on the principle that "a restraint in a limited aspect of a market may actually enhance marketwide competition."

- *Arizona v. Maricopa County Medical Society*, 457 U.S. 332 (1982) may suggest that the industry in question generally does not affect the *per se* analysis, but both prior to that decision, in *Goldfarb v. Virginia State Bar*, 421 U.S. 773 (1975), and *National Society of Professional Engineers v. United States*, 543 U.S. 679 (1978), and since that decision, in *NCAA*, the Supreme Court has recognized that whether an industry operates in an unusual way can be "critical" to analyzing a restraint's effects on competition, 468 U.S at 100-01 (1984). It is not, and cannot be, the law that the industry context matters only if the industry is a multibillion dollar one populated by powerful economic players, rather than, like heir location, a small, obscure industry comprised of essentially mom-and-pop operators.

- The doctrine of ancillary restraints explicitly calls for rule of reason treatment where a "restraint may contribute to the success of a cooperative venture that promises greater productivity and output." *Polk Bros. v. Forest City Enters.*, 776 F.2d 185, 189 (7th Cir. 1985). Suggesting otherwise, the Tenth Circuit pointed to *Maricopa*, which is, notably, not an ancillary restraints case, and the Circuit did not address the significant efficiencies that result from the single administration of the probate process for each estate, which this Court properly recognized in its decision. Further, implying that efficiency potential cannot surmount *per se* condemnation stands in contrast to the Supreme Court's decisions in *NCAA* and *Broadcast Music*, which the Circuit did not address, and which expressly relied on the efficiency of the restraints in question to overcome their potential output-

3

reducing and price-fixing qualities, respectively.

*          *          *

Most significantly, none of the individual cases cited by the Tenth Circuit addresses the situation at hand, in which *all* of these complicating features are present. *See Sulfuric Acid*, 703 F.3d at 1011 (combination of elements made restraint novel and not subject to *per se* rule). To this day, the government has offered no previous case meaningfully similar to this one. Providing only advisory commentary, the Tenth Circuit did not attempt to cure that shortcoming.

Nor did the Circuit address the problem that a criminal statute "give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden," and if the application of the Sherman Act to the agreement at issue here is subject to real disagreement among experienced lawyers and judges, it is fundamentally unfair to subject Mr. Mannix and Kemp to criminal sanction. *See United States v. Lovern*, 590 F.3d 1095, 1103 (10th Cir. 2009). Indeed, it is this Court that remains the most familiar with the circumstances and the parties before it.

*Third*, the government suggests that applying the *per se* rule will have little practical effect on the defendants. Mot. 5-6. That is simply not so, as the government's repeated attempts to impose the rule belie. What the government wants is a *per se* trial, where the defendants cannot introduce any defense of the agreement, nor evidence of its lack of harm to competition and its pro-efficiency impact, *see* Dkt. 70 at 11; *see* Dkt. 88 at 7-8, and presumably to include an instruction that no intent to violate the law is necessary for a conviction, *see Suntar Roofing*, 897 F.2d at 479-80. Meanwhile, the government's suggestion that defendants will be able to introduce evidence "that the agreement was something other than a naked customer allocation agreement," Mot. 6, is a non sequitur. The agreement was written down; its terms are known. Whether or not it amounts to a type of agreement condemned *per se* is a fundamental question,

4

but it is a legal question for the Court to decide—which it already has, correctly.

## CONCLUSION

      For the foregoing reasons, and for all the reasons set forth in our detailed previous briefing and at the oral argument in this case, the Court should deny the government's request for reconsideration without holding yet another oral argument. Respectfully, it is time to put to rest the question of how this case is to be tried. The government has repeatedly stated that based upon this Court's ruling that the case is subject to the rule of reason, it will exercise its discretion not to proceed criminally. It is now time for it to take that step.

Dated: December 21, 2018

| | |
|---|---|
| By: /s/ Richard F. Albert<br>RICHARD F. ALBERT (*pro hac vice*)<br>DEVIN M. CAIN (*pro hac vice*)<br>Morvillo Abramowitz Grand<br>   Iason & Anello, P.C.<br>565 Fifth Avenue<br>New York, NY 10017<br>Telephone:  (212) 856-9600<br><br>*Attorneys for Defendant Daniel J. Mannix* | By: /s/ James A. Mitchell<br>JAMES A. MITCHELL (*pro hac vice*)<br>Ballard Spahr LLP<br>1675 Broadway, 19th Floor<br>New York, NY 10019<br>Telephone:  (212) 223-0200<br><br>MICHAEL J. GRUDBERG (*pro hac vice*)<br>Tarter Krinsky & Drogin LLP<br>1350 Broadway<br>New York, NY 10018<br>Telephone:  (212) 216-8000<br><br>MARK R. GAYLORD (#5073)<br>JASON D. BOREN (#7816)<br>Ballard Spahr LLP<br>One Utah Center, Suite 800<br>201 South Main Street<br>Salt Lake City, UT 84111<br>Telephone:  (801) 531-3000<br><br>*Attorneys for Defendant Kemp & Associates, Inc.* |